D.M. COX, Diane Davis, Luke Moorman, and Charlene
Hardcastle *v.* Sharon D. PRIEST, Mayor of Little Rock,
City of Little Rock, et al. *v.* Dale Charles, Jim Finch, Jean
Gordon, Tommy Hudson, Rev. Delton JONES, et al.

92-944                                              835 S.W.2d 884

Supreme Court of Arkansas
Opinion delivered September 17, 1992

*John I. Purtle*, for appellants.

No response filed.

PER CURIAM. The trial court struck an initiated propo-
sal from the August 11, 1992, special city election ballot. The
proponents of that proposal have appealed, have asked that the
appeal be advanced, and have asked this court to order that the
proposal be placed on the November 3, 1992, general election
ballot. We have granted the motion to advance the appeal and
have ordered an expedited briefing schedule because, even if we
have the authority to grant the relief asked by the appellants, the
statutory notice provisions might be applicable, and preparation
of the ballots and programming of the voting machines would
have to be completed before absentee voting starts. Since this is
not an original action in this court under the Initiative and
Referendum Amendment, but instead is a direct appeal, we need
not appoint a master and can proceed forthwith on the trial court
record. Thus, we order the interested parties to submit simultane-
ous opening briefs in the office of the Clerk of the Court before 5
p.m., September 23, 1992. Reply briefs may be filed before 5

p.m., September 25, 1992. The Clerk of the Court is directed to immediately notify by telephone all of the attorneys of record for the various parties, and it shall be the duty of the various attorneys for each party to determine which one of them will file the brief for that party and to see that the briefing deadlines are met.

Because the briefs will be submitted simultaneously, we order that the parties address the following issues in their opening briefs in addition to any others they deem appropriate:

1. Whether Amendment 7 to the Constitution of Arkansas governs this issue and, if it does, whether this court on appeal can order relief not asked in the trial court.

2. Whether statutes control this issue and, if so, whether this court can grant the relief asked on appeal.

3. Whether a court upon an initiative has the power under either Amendment 7 or the statutes to mandate an election at a time other than the date specified in the initiative petition and whether a court in this state has the power to mandate an election at some time other than specified by statute and, if such power exists, can it be exercised by an appellate court when it was not asked in the trial court.